J-S46031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY E. RUSH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOX & ROACH LP D/B/A BERKSHIRE | : | |
| HATHAWAY HOMESERVICES, FOX | : | |
| AND ROACH, REALTORS, AND | : | |
| BERKSHIRE HATHAWAY HOME | : | |
| SERVICES FOX AND ROACH, | : | |
| REALTORS AND LASZLO GARAY ----- | : | |
| ----------------------------------------- | : | |
| ----------------------------------------- | : | |
| PARITOSH WATTAMWAR AND | : | |
| RANJANA SINGH-WATTAMWAR, H/W | : | |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOX & ROACH LP D/B/A BERKSHIRE | : | |
| HATHAWAY HOMESERVICES, FOX | : | |
| AND ROACH, REALTORS, AND | : | |
| BERKSHIRE HATHAWAY HOME | : | |
| SERVICES FOX AND ROACH, | : | |
| REALTORS AND LASZLO GARAY ----- | : | |
| ----------------------------------------- | : | |
| ----------------------------------------- | : | |
| JOSE AND JULIE ROBERTSON, H/W | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOX & ROACH LP D/B/A BERKSHIRE | : | |
| HATHAWAY HOMESERVICES, FOX | : | |
| AND ROACH, REALTORS, AND | : | |

BERKSHIRE HATHAWAY HOME      :
SERVICES FOX AND ROACH,       :
REALTORS AND LASZLO GARAY -----  :
-----------------------------------------  :
-----------------------------------------  :
KATHLEEN MAKOWKA               :
                                 :
              v.                 :
                                 :
FOX & ROACH LP D/B/A BERKSHIRE :
HATHAWAY HOMESERVICES, FOX   :
AND ROACH, REALTORS, AND      :
BERKSHIRE HATHAWAY HOME     :
SERVICES FOX AND ROACH,       :
REALTORS AND LASZLO GARAY    :  No. 3109 EDA 2019

Appeal from the Order Entered September 25, 2019
in the Court of Common Pleas of Chester County
Civil Division at No(s):  No. 17-8904,
No. 17-8905, No. 17-8906, No. 17-8907

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED: DECEMBER 29, 2020**

Paritosh Wattamwar and Ranjana Singh-Wattamwar, husband and wife (collectively, "the Wattamwars"), appeal from the entry of summary judgment against them, and in favor of Fox & Roach LP d/b/a Berkshire Hathaway Homeservices, Fox and Roach, Realtors, and Berkshire Hathaway Home Services Fox and Roach, Realtors, and Laszlo Garay ("Garay") (collectively, "Defendants").  We dismiss the appeal as duplicative of the Wattamwars' appeal filed at 3112 EDA 2019.

The trial court summarized the complicated history of this appeal, as well as the appeals filed at 3110, 3111 and 3112 EDA 2019, as follows:

[Mary F. Rush ("Rush"), the Wattamwars, Jose and Julie Robertson ("the Robertsons"), and Kathleen Makowka ("Makowka") (collectively, "Plaintiffs"),] initiated the above-entitled actions on September 15, 2017, by filing [C]omplaints against Defendants. Plaintiffs' actions are two of four cases filed on the same day[,] raising identical claims against identical Defendants. These cases are as follows:

- … Rush vs. [] Defendants (docketed at 2017-08904)

- [The Wattamwars] vs. [] Defendants (docketed at 2017-8905)

- [The Robertsons] vs. [] Defendants (docketed at 2017-08906)

- [] Makowka vs. [] Defendants (docketed 2017-08907)

[Plaintiffs] in all four cases asserted claims against Defendants for "Fraud" and "Violations of the Unfair Trade Practices and Consumer Protection Law [("UTPCPL"),] arising out of [Plaintiffs'] purchases of newly constru[ct]ed homes in a residential community known as "Pickering Crossing." The underlying factual basis for [Plaintiffs'] claims in each case are virtually identical and is set forth more fully in the footnote appended to the [trial court's] September 25, 2019 [O]rder.

On May 7, 2018, the [trial court] entered an Order consolidating "for all purposes" the four related actions pursuant to Pa.R.C.P. 213(a). The [O]rder did not specify that the parties should continue filing legal papers under the docket number assigned to each case; rather, it stated that the cases were consolidated under the **Rush** action at docket number 2017-08904.

On June 8, 2018, the individual Defendant in the four related actions, [] Garay [], filed an original action against Jose Robertson ([o]ne of the two plaintiffs in the 2017-08906 action) asserting a claim for defamation. Shortly thereafter, [Jose] Robertson, in his capacity as defendant in the **Garay** action, moved to consolidate the **Garay** action with the [Robertsons'] fraud/UTPCPL action

- 3 -

against Garay. The [trial court] denied the [M]otion by an [O]rder dated October 17, 2018, reasoning in a footnote that the Robertson Plaintiffs' action against Garay and the other Defendants had "already been consolidated" under the **Rush** action at docket number 2017-08904, and that further consolidation "would tend to mislead or confuse the jury" because it would introduce new theories of liability and defenses into the cases[,] which were applicable only to a sub-set of parties.

Subsequently, on November 28, 2018, the [trial court] entered three (3) [O]rders that restricted the manner in which the four[,] related actions (**Rush**, **Wattamwar**, **Robertson**, and **Makowka**) and the **Garay** defamation action were consolidated. First, the [trial court] vacated its prior consolidation [O]rder of May 7, 2018, thereby undoing the original consolidation of the four related actions. Second, the [trial court] *sua sponte* consolidated three of the four related actions—**Rush**, **Wattamwar**, and **Makowka**—"for discovery, pretrial and trial purposes[,] under case number 2017-08904." Finally, the [trial court] *sua sponte* consolidated "for discovery, pretrial and trial purposes[,]" the **Garay** defamation action against Jose Robertson with the [Robertsons'] fraud/UTPCPL action against Garay. Consequently, as of November 28, 2018, the procedural posture of the aforesaid cases stood as follows:

- Garay's defamation action Jose Robertson was consolidated with the [Robertsons'] Fraud/UTPCPL action against Garay and the other Defendants;

- Separately, the **Rush**, **Wattamwar**, and **Makowka** actions were consolidated for purposes of pre-trial and trial administration.

\* \* \*

Jose Robertson subsequently moved for summary judgment in the **Garay** defamation action. On September 23, 2019, the [trial court] granted the [M]otion and entered judgment against Garay, thereby ending Garay's defamation claim against [Jose] Robertson. In a footnote to the [O]rder, the [trial court] explained [that], in light of the fact that [Jose] Robertson's summary judgment [M]otion was granted, the separate consolidations of the **Garay-Robertson** actions and the three related actions was no longer necessary. Accordingly, the [trial court's] September

23, 2019[,] [O]rder also[,] *sua sponte*[,] directed that the [Robertson] Plaintiffs' fraud/UTPCPL action against Garay and the other Defendants was "*Reconsolidated* for pre-trial and trial purposes" under the **Rush** action at docket number 2017-08904, thereby once again united all four cases for purposes of pre-trial and trial disposition.

On September 25, 2019, the [trial court] entered an identical [O]rder on the docket of all four actions[,] granting the [M]otions for summary judgment filed by Defendants against the Wattamwar Plaintiffs, the Robertson Plaintiffs, and the Plaintiff Makowka, and entered judgment in favor of Defendants. This is the [O]rder from which the Wattamwar[]s and Makowka filed [N]otices of [A]ppeal.

On October 3, 2019, the [trial court] issued an [O]rder, entered on the docket in all four actions, which denied as moot multiple outstanding [M]otions[,] which had previously been filed by Defendants. The final sentence of that Order states: "[T]he above-captioned consolidated cases are hereby severed," and explained in a footnote that consolidation was "no longer necessary as summary judgment had been granted in all but one of the consolidated cases."

On October 23, 2019, the Wattamwar Plaintiffs and Plaintiff Makowka filed [N]otices of [A]ppeal from the [trial court's] September 25, 2019[, O]rder granting summary judgment in favor of Defendants. Notably, the Wattamwar's and Makowka each filed *two* [N]otices of [A]ppeal: One under the **Rush** action at docket number 2017-08904, and the other under the docket number assigned to their case at the time it was filed. This caused *four* docket numbers to be generated in the Superior Court as follows:

- The Wattamwars' [N]otice of [A]ppeal filed under the **Rush** action at 2017-08904 was docketed in the Superior Court at 3109 EDA 2019;

- [] Makowka's [N]otice of [A]ppeal filed under the **Rush** action at 2017-08904 was docketed in the Superior Court at 3110 EDA 2019;

- The Wattamwars' [N]otice of [A]ppeal filed under the **Wattamwar** action at 2017-08905 was docketed in the Superior Court at 3112 EDA 2019;

- Makowka's [N]otice of [A]ppeal filed under the **Makowka** action at 2017-8907 was docketed in the Superior Court at 3111 EDA 2019.

    The [trial court] suggests that the [N]otices of [A]ppeal filed by the Wattamwar Plaintiffs and Plaintiff Makowka under the docket number assigned to the **Rush** actions should be dismissed[,] because they are duplicative of the [N]otices of [A]ppeal filed under the docket numbers assigned to the Plaintiffs' respective cases….

Trial Court Opinion, 12/30/19, at 1-6.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court mandated that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. It appears that, out of an abundance of caution, the Wattamwars filed two Notices of Appeal. The instant appeal, 3109 EDA 2019, was filed at the trial court's docket number for the deconsolidated **Rush** action. As the Wattamwars' action is no longer consolidated with the **Rush** action, and because the instant appeal is duplicative of the Wattamwars' appeal filed at 3112 EDA 2019, we dismiss the above-captioned appeal. The Wattamwars may proceed with their appeal filed at 3112 EDA 2019.[1]

Appeal dismissed.

_____

[1] We note that the certified record filed at 3112 EDA 2019 includes all relevant court filings necessary to resolve the Wattamwars' appeal.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/20</u>